**Nancy Duffy McCarron**, CBN 164780
Law Office of Nancy Duffy McCarron
950 Roble Lane
Santa Barbara, CA  93103
805-450-0450   fax  805-965-3492
nancyduffysb@yahoo.com
Real Estate Broker Lic. 853086

Attorney for Plaintiff Carole S. Alles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CAROLE S. ALLES<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NA;<br>WELLS FARGO HOME MORTGAGE, INC;<br>CAL-WESTERN RECONVEYANCE CORPORATION;<br>DOES 1-10       Defendants | No. 5:12-cv-02095-MWF-DTB   filed 11/29/12<br><br>MOTION FOR STATUTORY INJUNCTION PER Civil §2924.12 for violating Civil §2923.5, §2923.7 & Civil §2924.17; Declarations: Nancy McCarron, Carole Alles; REQUEST FOR JUDICIAL NOTICE<br><br>Date:   April 29, 2013    Time:  10:00 a.m.<br>Ctrm:   1600       Hon. Michael W. Fitzgerald |

Please note at the above time & place plaintiff ALLES will move the court under Civil Code §2924.12 to enjoin foreclosure pending outcome of a factual hearing on whether Wells Fargo and/or CWRC violated Civil Code §2923.5 [Declaration of Compliance with Notice of Default]; Civil Code §2923.7 [Single Point of Contact] and Civil Code 2924.17 [anti-robosigning].  The motion is based on grounds that legislators granted statutory standing to a homeowner, by enacting Civil §2923.12 to enjoin a pending foreclosure until the court can conduct a factual hearing on alleged violations.   This motion is based on Points & Authorities, Declarations of Nancy McCarron & Carole Alles, & Request for Judicial Notice of Wells Fargo's execution of a consent order mandating compliance with the same rules forming the basis for the above statutes after April 4, 2012.

*Nancy Duffy McCarron 4-1-13*

- 1 -
Motion for Injunction under Civil Code §2924.12

INTRODUCTION & GROUNDS FOR MOTION

Wells and CWRC never disclosed that *Freddie Mac* was under a conservatorship, and its assets are under the control of FHFA who should have been named as real party. Wells & CWRC never disclosed *Freddie Mac* or FHFA in *Certificate of Related Parties*, and intentionally concealed both names (by omission) in a Joint Rule 26(f) Wells filed.

WELLS FARGO's CONSENT JUDGMENT
<u>USA et al v. Bank of America Corp, et al</u>  Case No. 120361 entered April 4, 2012

On April 4, 2012 the US District Court for the District of Columbia entered a consent Judgment to settle the case for $26 billion to be paid by consenting banks, including <u>Wells Fargo Bank</u> [www.justice.gov/opa/documents/wellsfargo-consent-judgement.pdf]. Pages from the Consent Judgment related to this complaint, showing Wells Fargo Bank violations, are included as Exhibit E in RJN

In the consent judgment Wells Fargo Bank impliedly admitted violating the Unfair and Deceptive Practices laws, the False Claims Act, FIRREA, the Servicemembers Civil Relief Act, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. [E-1] **<u>Wells Fargo shall comply with Servicing Standards attached as Exhibit A</u>**. [E-3] The consent judgment is effective for 3 years from entry; i.e. until April 3, 2015. [E-6]. Michael J. Held, Executive for Wells Fargo & Company and Wells Fargo Bank, NA signed the consent judgment. [E-91].  Relevant parts of Exhibit A are attached. [RJN-E] Servicing Standards Wells Fargo agreed to comply with are now codified in California; i.e. "The Homeowners' Bill of Rights" effective 1/1/2013.

Although The Homeowners' Bill of Rights did not become effective until 1/1/2013 Wells Fargo's was required to comply with the consent judgment since entered on 4/4/12. Wells Fargo's violations of the Servicing Standards in Exhibit A of the consent judgment as well as unfair treatment and discrimination are the subject of this consumer complaint.

See Complaint to Federal and State Agencies emailed on March 30, 2013. The consent judgment Wells Fargo executed on 4/4/2012 and exhibits attached to the complaint show at least 22 provable violations of the consent agreement just in Alles foreclosure alone. This 2-year history of consent judgments with various federal and state prosecutors, and bank regulators, demonstrates that Wells Fargo will not stop foreclosure frauds unless and until Judges in state and federal courts stop blessing these fraudulent foreclosures.

## WELLS FARGO FAILED TO COMPLY WITH THE CONSENT JUDGMENT

In reviewing the ALLES foreclosure file, and the consent agreement Wells Fargo signed one 4/4/12, counsel discovered 22 violations of the consent agreement by Wells and or Cal Western Reconveyance Corporation. [CWRC]. See Declarations of Nancy McCarron and Carole Alles.   The following violations occurred. Specific violations involved, but were not limited to, the following violations: Civil §2923.5 [Declaration of Compliance with Notice of Default]; Civil Code §2923.7 [Single Point of Contact] and Civil Code 2924.17 [anti-robosigning].   See declaration of Carole Alles

**VIOLATION No. 1**: [Exh. E, p.121(A-29)] "8.*Servicer shall not instruct, advise or recommend that borrowers go into default in order to qualify for loss mitigation relief.*" [consent judgment, Exh.A-29]

Wells Fargo agents told Alles to stop making payments to trigger a default so she could be "eligible for a loan modification."   [Alles Decl. ¶10-11]

**VIOLATION No. 2**: [Exh. E, p.109 (A-17)] " *B. Dual Track Restricted. "Servicer shall not refer an eligible borrower's account to foreclosure while the borrower's complete application for any loan modification program is pending* [consent judgment, Exh. A] no dual tracking codified: **Civil §2924.11**

In March 2012 Alles stopped paying her mortgage to trigger a default.  Alles sought counsel to apply for a HAMP modification.  Counsel met with staff at Neighborhood Housing Services of Inland Empire--HAMP approved facilitators.  NHSIE staff submitted Alles' HAMP application for modification to Wells Fargo loan servicer.  While *considering* Alles' application for the next 3 months Wells instructed the trustee, Cal-Western Reconveyance Corporation [CWRC] to foreclose.  [Alles Decl. ¶10-11]

**VIOLATION No. 3:** [Exh. E page 93] "Settlement Term Sheet" *2. Servicer shall ensure that affidavits, sworn statements, and Declarations are based on personal knowledge, which may be based on the affiant's review of Servicer's books and records…and show the affiant is competent to testify…*

   NOTE: Servicer's duty is codified at **Civil Code §2924.17** eff. 1/1/2013 "**anti-robosigning**" statute It was physically impossible for Monica Gonzalez in El Cajon, CA to have any personal knowledge of a Servicer's books and records, or to have reviewed them, in Fort Mill, South Carolina 3000 miles away. Wells Fargo Bank, NA was not the beneficiary having power to substitute a trustee; Freddie Mac bought the loan on 9/16/2006; only Freddie Mac, as note holder and beneficiary, had the power to substitute the trustee; there was no *attorney in fact* authorization from Freddie Mac to robosigner Monica Gonzalez. Wells is not listed in Riverside *attorney in fact* Index to record instruments on behalf of Freddie Mac.

   On 8/01/12 CWRC recorded a purported *Substitution of Trustee* [Exh C-5] executed by **robosigner** Monica Gonzalez at CWRC in El Cajon, CA purporting to be an "*attorney in fact*" for Wells Fargo Bank, located in Fort Mill, South Carolina. <u>CWRC by employee substituted itself as trustee--a conflict</u>.

**WELLS & CWRC VIOLATED SEVERAL STATUTES AND THE CONSENT AGREEMENT**
   A. Only a beneficiary (or all beneficiaries where there are multiple holders such as certificate holders in a REMIC trust) may substitute a trustee.  A trustee cannot substitute itself.
      **Civil Code §2934**
   B. An "attorney in fact" authorization must be recorded in the county where the real property sits.
      **Civil Code §2923; Government Code §27238** Index of recorded "attorneys in fact"
   C. Monica Gonzalez' name is not in the Riverside County "Attorney in Fact Index"
Wells never executed an "attorney in fact" agreement for a CWRC employee to act for the bank

---

**VIOLATION No. 9**: [Exh. E, p. 103 (A-11)]  Servicer (Wells) failed to conduct regular reviews to assure declarations filed on behalf of Servicer to ensure that documents are accurate and comply with prevailing law and the consent agreement.  Wells knew the NOD that CWRC recorded was not accurate. **Civil Code §2924.17 anti robosigning**    [Alles Decl ¶10,11,12]


**VIOLATION No. 10**: [Exh. E, p.104 (A-12)] Servicer (Wells) failed to adopt policies and processes to oversee and manage foreclosure trustees to ensure due diligence in recording accurate notices.

    The *Declaration of Compliance* [Civil §2923.5(b)] CWRC attached to Notice of Default recorded on 8/2/12 was fraudulent.  [Exh. C-9].  It was executed by *Deitrice Hemphill*, *VP of Loan Documentation*, who is a **robosigner** from Wells Fargo's foreclosure mill at 3476 Stateview Blvd., Fort Mill, SC 29715.    [Alles Decl. ¶11]  Alles testified that no agent ever called to discuss her finances.

- 4 -
Motion for Injunction under Civil Code §2924.12

See <u>Declaration of John Kennerty</u>, Supervisor of Wells Fargo's robosigning foreclosure mill in Fort Mill South Carolina.  [Exh. C-10 to C-13]   Kennerty admitted that robosigners at Wells mass foreclosure mill had no personal knowledge of due diligence in contacting borrowers 30 days before NOD was recorded. **<u>No Wells agent ever called Alles to discuss her financial condition 30-days before recording NOD</u>**.

**VIOLATION NO. 11**:  Wells failed to notify borrower of currently available loss mitigation options prior to foreclosure referral.  [Exh. E, p.108(A-16)]   <u>The declaration executed by robosigner Deitrice Hemphill in South Carolina was knowingly false and not based upon personal knowledge of Alles loan</u>.

**VIOLATION NO 12**: [Exh. C-7,8] CWRC recorded NOD which was knowingly false and misleading. The NOD recited *"That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby*.  CWRC and Wells knew Freddie Mac owned the loan---not Wells Fargo Bank, NA which is listed as beneficiary. Consent Agreement mandated transparency in foreclosures since 4/4/2012.

**VIOLATION NO 13**: [Exh. E, p. 109 (A-17)] Wells recorded NOS within the 30-day appeal window. This was despite counsel's written demand to Well and CWRC to cancel the trustee sale [Exhibit 17-21] attaching Wells's <u>written promise not to sell during a 30-day appeal window</u> sent 11/8/12. [Exh. 19-21]

   On 11/30/2012 Servicer Wells Fargo caused CWRC to record a Notice of Trustee Sale [Exh. C 14] violating its duty under the consent agreement not to Notice a Sale during a 30-day window while the homeowner is appealing the servicer's initial denial of an application for a loan modification, which was mailed to Alles on 11/8/12.   Civil §2924.17 and consent agreement mandated accuracy of affidavits.

**VIOLATION NO. 14**: [Exh. C 18] Wells failed its duty to ascertain that recorded instruments contain accurate & valid information. There is no evidence Monica Gonzalez had authority to assign bank loans. Any such authority as "attorney in fact" would have to be recorded in Riverside County.

   On 12/7/2012 (less than 2 weeks before the scheduled trustee sale) CWRC recorded a purported "*Assignment of Deed of Trust*" reciting, "Wells Fargo Bank, NA By Cal-Western Reconveyance Corporation as its attorney in fact" with a Monica L. Gonzalez, A.V.P.'s *robosigned* stamp. [Exh. C 22]

 [Exh. E page 93] "Settlement Term Sheet" *2. Servicer shall ensure that affidavits, sworn statements, and Declarations are based on personal knowledge, which may be based on the affiant's review of Servicer's books and records…and show the affiant is competent to testify…*

NOTE: Servicer's duty is codified at **Civil Code §2924.17** effective 1/1/2013 "anti-robosigning" statute

**VIOLATION NO. 17**:  Wells failed to establish a single point of contact (SPOC) as required by the consent agreement. [Exh. E, p.113 (A-21)].

On 11/24/12 counsel notified escalation administrator at hmpadmin.com and Wells Fargo Home Preservation Specialist, Carmen Saldana, that she copulated NPV results at HAMP's website indicating Alles qualified for modification. [C 23-25]   Counsel asked Wells not to discriminate against Alles on the basis of her age (71), unemployment status, and disability [an inoperable, incurable lung disease]. [Exh. C-17].  The next day after submitting escalation by email counsel talked to the agent assigned (John) who told counsel Alles' escalation was resolved by denial only one day after receiving it.   Freddie Mac merely rubber-stamped Servicer Wells's denial with their own denial in one day.  Alles and counsel talked to at least six different Wells staff related to her loan.

WHETHER WELLS COMPLIED WITH CIVIL §2923.5 IS AN ISSUE OF FACT AND INJUNCTION MUST REMAIN IN PLACE UNTIL WELLS HAS PROVEN COMPLIANCE WITH THE STATUTE

California Legislature has expressed a strong preference for fostering more cooperative relations between lenders and borrowers who are at risk of foreclosure, so that homes will not be lost.  Civ. §§ 2923.5 & 2923.6.   These provisions, enacted in 2008, require lenders to negotiate with borrowers in default to seek loss mitigation solutions. …"California Homeowner Bill of Rights." (Am. Bill No. 278; Sen. Bill No. 900 (2011-2012 Reg. Sess) *Jolly v. Chase Home Finance* (2/11/2013) No. A134019. Ct of Appl, First District, Div 2.

Granted, these ameliorative efforts have been directed primarily at aiding resident homeowners at risk of losing their homes. (Civ. Code, §§ 2923.5, subd. (f); Assem. Bill No. 278, § 18, adding Civ. Code, § 2924.15.)    Rather, we refer to the existence—and recent strengthening—of these legislative measures because they demonstrate a rising trend to require lenders to deal reasonably with borrowers in default to try to effectuate a workable loan modification.

In short, these measures indicate that courts should not rely mechanically on the "general rule" that lenders owe no duty of care to their borrowers. *Id* Ninth Circuit has stated that a private right of action does exist under Section 2923.5 so long as there hasn't yet been a foreclosure sale. *Martinez v. America's Wholesale Lender* 446 Fed.Appx. 940, 943 (9th Cir.2011). *Wise v. Wells Fargo* (2011) cv-11-8586 CBM

The court in Tamburri v. Suntrust (ND-Cal) held:

> "**it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes**." Sencion v. Saxon Mortg. Servs., LLC, No. 5:10-cv-3108 JF, 2011 U.S. Dist. LEXIS 41022, at *8-9 (N.D. Cal. Apr. 11, 2011); see also Naderski, 2011 U.S. Dist. LEXIS 48867, at *6 (noting that **"[t]he public interest . . . weighs in favor of preventing the wrongful foreclosure of individuals' property");** Dumas v. First Northern Bank, No. CIV. S-10-1523 LKK/DAD, 2011 U.S. Dist. LEXIS 16775, at *6 (E.D. Cal. Feb. 15, 2011) (stating that **"[i]t is in the public interest to require lenders to comply with the California statutes enacted to protect homeowners from unnecessary foreclosures"). Because, as discussed above, there are at least serious questions going to the merits on both the § 2923.5 claim and the § 2932.5 claim, the public interest weighs in favor of a preliminary injunction**.

In *Barrionuevo v. Chase Bank* C-12-0572 EMC, citing *Mabry v. Supr Court* (2010) 185 CA4th 208, 223 [leading case holding resolution of §2923.5 claim is issue of fact] held:

> Code. § 2923.5(g)). Defendants have given no indication that they exercised "due diligence" as defined in the statute in trying to contact the Barrionuevos prior to recording the Notice of Default, other than their declaration in the Notice itself that they complied with the statute. When a plaintiff's allegations dispute the validity of defendant's declaration of compliance in a Notice of Default as here, the plaintiff has "plead `enough facts to state a claim to relief that

In the Declaration of Carole Alles, she testifies that no Wells agent contacted her, 30-days prior to recording a Notice of Default. Alles is entitled to an injunction under the new statutory authority of Civil Code §2912.

INJUNCTION UNDER §2924.12 IS MANDATORY AND NOT DISCRETIONARY

Civil Code §2924.12 recites in relevant:

… a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.5, 2923.7, 29.24.11 or 2924.17.  .. Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer… has corrected and remedied the violation giving rise to the action….

This is not a discretionary injunction but rather mandatory until the violations are remedied.  The courts have held it is an issue of fact whether Alles or the person who filed the robosigned declaration from Fort Hill (Deatrice Hemphill) is telling the truth.

CONCLUSION

For the above reasons ALLES asks the court to enjoin any foreclosure sale until the court can conduct a factual hearing on the alleged violations, and until they are remedied

dated: 4/01/2013

*Nancy Duffy McCarron*
Nancy Duffy McCarron

## DECLARATION OF COUNSEL NANCY DUFFY MCCARRON

I, NANCY DUFFY MCCARON, declare:

1. I am over 18 and not a party to the action. I represent plaintiff in this action and make these statements based personal knowledge and am prepared to testify to them.

2. At no time did any person or counsel representing Wells Fargo or Cal-Western Reconveyance Corporation ever disclose that Freddie Mac was under a conservatorship. If I had known this fact when I filed the case on November 29, 2012 I would have named the Director of FHFA as the conservator for Freddie Mac.

3. I did not even discover that Freddie Mac owned, or purported to own, the Alles loan until I filed the litigation. We were dealing with Wells Fargo, purported loan servicer, in applying for a loan modification in 2012.

4. I believe that Wells Fargo and/or Freddie Mac securitized the Alles loan back on September 13, 2012 into a securitized REMIC trust. Counsel for Wells Fargo refused to disclose the name of the trust or its trustee despite a duty to voluntarily disclose facts and documents under Fed. R. Civ. P 26(f). The investors in the REMIC trust certificates would be the actual beneficiaries (noteholders) owning fractional beneficial interests in the intangible note and intangible security (the trust deed securing the debt obligation).

5. After Wells Fargo denied Alles' loan modification, I immediately appealed and filed an escalation complaint with Freddie Mac. I believe within a day after the appeal was received at Freddie Mac the loam modification was denied based on a telecom with John, the agent handling the appeal. Despite a written promise not to Notice a Sale during the appeal window CWR recorded a Notice of Sale on 12/7/2012 the same days as a denial.

6. After the court issued a Joint Rule 26 order I prepared draft, <u>with notations in RED</u> for items CWRC & Wells Fargo needed to fill in, including identifying related entities. Adam Hamburg notified me that he would not sign my draft and insisted on preparing the

report on his firm's template.  I reminded him to disclose related entities as both parties failed to identify any related entities except Promiss Solutions  (identified by CWRC).

7.     My proposed draft was identical to the court's order shown below except that I highlighted line 6 in RED and reminded both counsel identify any related entity.



The final Joint Rule 26 Report Adam Hamburg filed with the court is shown below:

8.     Adam Hamburg not only intentionally ignored the line from the court order, which I had highlighted in RED and reminded counsel to disclose, he actually DELETED the entire line from the end of subsection D before subsection E. DAMAGES.  Wells also did

1   not disclose Freddie Mac of FHFA in its mandatory Certificate of Interested Parties
2   shown in an excerpt below:

| CAROL A. ALLES, | CASE NUMBER: |
|---|---|
| Plaintiff(s), | 5:12-cv-02095-MWF-DTB |
| v. | CERTIFICATION AND NOTICE |
| WELLS FARGO BANK, NA; WELLS FARGO HOME MORTGAGE, INC.; CAL-WESTERN RECONVEYANCE CORPORATION; DOES 1-10, Defendant(s) | OF INTERESTED PARTIES (Local Rule 7.1-1) |

TO:   THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (or party appearing in pro per), certifies that the following listed party (or parties) may have a direct, pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| → Wells Fargo Bank, N.A | Defendant |
| Wells Fargo Home Mortgage | Defendant |

9.   This demonstrates a concerted effort on the part of Wells Fargo's counsel to conceal the fact that Freddie Mac was an interested party and that FHFA was an interested party. This shows that Wells Fargo continues its long history of not being transparent or ethical.

10.   After Alles' application for a loan modification was denied, and her appeal was denied within a day after being received by the escalation department of Freddie Mac, Wells Fargo barreled forward with foreclosure.  No one ever told me or Alles that the FHFA was conservator, and that it had imposed a Servicer Alliance Initiative (SAI) to promote foreclosure alternatives, or that HFA had revised its classic modification program with a new program designed to afford modifications to borrowers who did not qualify under HAMP or HARP.    No one told me that FHFA had expanded a suite of loan modification tools, including a "Streamlined Modification Initiative" (SMI) option to give delinquent borrowers another path to avoid foreclosure.  The borrower is offered a chance to make 3 payments on time, and if made, the borrower is given a permanent modification.   This is exactly what Alles had requested which was willfully concealed. [Exh. A herein].   I believe the FHFA Director in joined would offer it to settle the case.

11.   Plaintiff's counsel asked Wells Fargo's counsel to stipulate to joinder in a meet & confer on this motion on March 13, 2013 but Mr. Hamburg refused.

12.   I filed a Complaint with the FHFA, the US Attorney General, the California Attorney General, and various federal and state agencies on March 30, 2013 by email. Complaint is attached in a Request for Judicial Notice filed with this motion. [as Exh. E] I found 22 violations of a Consent Agreement Wells Fargo executed on 4/4/2012 in which it agreed to abide by Servicing Guidelines prohibiting certain illegal and unfair practices Wells Fargo had been engaging in during foreclosures in the past several years. Many of these violations are now codified as "California Homeowners Bill of Rights" effective 1/1/2013.  Although laws were not statutorily mandated until 1/1/13 and Alles foreclosure began August 2/2013 with the Notice of Default recording, Wells Fargo was still required to comply by the consent agreement executed and signed on 4/4/2012. It is effective for 3 years until April 2, 2015.

13.   The 5 exhibits included in RJN filed herewith contain copies of actual documents.

I declare the above true under penalty of perjury and US law.  Executed in Santa Barbara

dated: 4/01/2013                                          *Nancy Duffy McCarron*

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

At the time of service I was over 18 years of age and not a party to this action. I am attorney for plaintiff. My address is: 950 Roble Lane, Santa Barbara, CA 93103.

On April 1, 2013 I served true copies of the following document(s)

MOTION FOR STATUTORY INJUNCTION UNDER CIVIL CODE §2923.12  with Declarations of Nancy McCarron & Carole S. Alles, RJN, Notice of Lodging Order, with pdf copy of proposed order  [ Doc & pdf format proposed order sent to Judge by email to: mwf_chambers@cacd.uscourts.gov].   The documents were served to:

| | |
|---|---|
| Adam S. Hamburg, Atty for Wells Fargo | Helen Cayton, Atty for CWRC |
| Prenovost, Normandin, Bergh & Dawe | Wright, Finlay & Zak LLP2122 No. |
| Broadway, Suite 200 | 4664 MacArthur Court, Suite 200 |
| Santa Ana, CA 92706-2614 | Newport Beach, CA 92660 |
| 714-547-2444   fax 714-835-2889 | 949-477-5050 ext.1024 fax 949-608-9142 |
| "ahamburg@pnbd.com" | hcayton@wrightlegal.net |

Courtesy copy sent by email to: Director@fhfa.gov; DeputyDirector-enterprises@fhfa.gov; GeneralCounsel@fhfa.gov; Ombudsmen@fhfa.gov

**BY CM/ECF NOTICE OF ELECTRONIC FILING**:   I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered with CM/ECF users will be served by mail or by any other means permitted by the court rules, and/or agreed by the parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of the Court at whose direction the service was made. Executed on April 1, 2013 at Santa Barbara, CA.

Dated: 4-1-2013

*Nancy Duffy McCarron*
Nancy Duffy McCarron